[Civ. No. 8816.   Second Appellate District, Division Two.—October, 20, 1934.]

SOUTHERN GLASS COMPANY (a Corporation), Appellant, v. CONSOLIDATED INVESTMENT CORPORATION (a Corporation), Respondent.

Howard F. Shepherd and John F. Bender for Appellant.

Lindsay & Gearhart and W. H. Gregory for Respondent.

STEPHENS, P. J.—In an action for the value of merchandise sold by the plaintiff, based upon an alleged guaranty a demurrer to the complaint was sustained and judgment entered in favor of the defendant, from which the plaintiff appealed.

The sole question presented is as to whether or not facts sufficient to state a cause of action within the intent of section 1624 of the Civil Code were alleged.

The appellant and its defaulting customer, not respondent herein, had for some time previously negotiated sales and purchases by means of promissory notes which the respondent corporation indorsed. On the occasions in controversy appellant sold and delivered quantities of goods to the customer on credit and for which neither note nor money was received. Suit was instituted against the respondent by a complaint wherein it was alleged in part that its president had agreed prior to such sales that he would cause his company to guarantee payment therefor; that he had a meeting of the directors convened and by them a resolution passed reciting "that the president and secretary of this corporation be, and they are hereby authorized to indorse and guarantee payment of each obligation as hereinafter described", setting forth in detail the proposed transactions, and that a copy of such resolution was certified by the second assistant secretary as having been "duly and regularly passed", and delivered to the appellant. It was further alleged that such resolution was intended by the corporation and its president as a guaranty of said order for merchandise and that it was so accepted and relied upon, pursuant to the oral agreement of said president to obtain the guaranty by said corporation.

The appellant cites authorities wherein oral promises to answer for the debt or default of another were enforceable because made by corporations receiving the property purchased or some consideration amounting to a ratification of previous proposals by agents. It does not, however, appear in the instant case that respondent company was a party to the transaction, received any consideration from either of the parties thereto, or that its officers appended any signature to said resolution or copy, or exercised the authority conferred thereby by personally indorsing or guaranteeing payment of the obligation in suit. Section 1624 of the Civil Code requires that "a special promise to answer for the debt, default or miscarriage of another, except in the cases provided for in section 2794", must be in writing and subscribed by the party to be charged, or agent, or that there be some note or memorandum thereof. The section last mentioned provides that such a promise need not be in writing if made by one who has received property, or under circumstances not here of consequence. It is not alleged that the

president of the respondent company did more than agree to obtain the resolution authorizing the two officers to guarantee the account, nor is it alleged that they did so guarantee the same. If, as stated, it be assumed that the resolution was in fact intended as a binding obligation, its language failed so to state and it remained unsigned. It was not claimed to have been accepted as a note or memorandum of a special promise by said corporation, nor could the transaction be so construed. The principles underlying the facts in *Edge Moor Bridge Works* v. *Bristol*, 170 Mass. 528 [49 N. E. 918], are similar. (See, also, *Postlethwaite* v. *Minor*, 168 Cal. 227 [142 Pac. 55].) A municipality having by its legislative body "voted that the cumulated bid of Edge Moor Bridge Company be accepted and that the contract thereon be awarded to said party", said company claimed that the corporation was bound thereby; but since the contemplated contract had not been executed as authorized, relief by way of damages was denied.

For the reasons stated it must be held that the demurrer was properly sustained.

No question regarding the possible enforcement of the authorization given by defendant to its officers, or any possible defense thereto, is presented in this appeal.

The judgment is affirmed.

Desmond, J., and Scott, J., *pro tem.*, concurred.